**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KETRA WHITFIELD,** | ) | **CASE NO. 1:21 CV 0031** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **vs.** | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **CUYAHOGA COUNTY PUBLIC** | ) | **AND ORDER** |
| **LIBRARY FOUNDATION, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

*Pro se* Plaintiff Ketra Whitfield filed this action under 42 U.S.C. § 1983 against the

Cuyahoga County Public Library Foundation and the Beachwood Police Department.  In the

Complaint (Doc. # 1), Plaintiff alleges she was forcibly removed by Beachwood police officers

from the Beachwood branch of the Cuyahoga County Library Foundation because she refused

to wear a mask.  She asserts this violated her First Amendment rights to free speech and

freedom of religion and her Fourteenth Amendment rights.  She seeks monetary damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (Doc. #2).  That

Application is granted.

## I.  BACKGROUND

Plaintiff alleges that on August 24, 2020, she entered the Beachwood branch of the

Cuyahoga County Public Library Foundation to use the computer and to "make some faxes."

(Doc. #1 at 2).   She claims she was approached by a librarian and told she must wear a mask

that covers her face to remain in the library building.  Plaintiff refused to wear the mask, stating

to the librarian that she has a health condition that prevents her from wearing the mask.  She

does not provide information on the health condition in her Complaint nor does she elaborate on

why it would prohibit her from wearing a mask.  The librarian again reiterated that the library

required all patrons to wear a mask and she would either have to put on a mask or leave the

premises.  Plaintiff refused, saying that she was a taxpayer and had a right to use the library

without wearing a mask.  She also claimed it violated her religion.  The librarian then

telephoned Beachwood police who placed Plaintiff in handcuffs and escorted her from the

building.  They took her to University Hospitals where she was held involuntarily for four days

for psychiatric evaluation.

Plaintiff alleges Defendants violated her constitutional rights.  She first claims they

violated her Fourteenth Amendment rights stating she has a right to choose what and what not

to wear on her face.  Next, she claims Defendants violated her First Amendment rights to

freedom of speech and freedom of religion.  She contends covering the face is a symbolic

gesture that is considered speech.  She states has the right to decide what she is going to wear on

her body.  She also states that covering her face is against her religion and the Defendants

cannot do anything that interferes with the free practice of her religion.

## II.  STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364,

365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to

dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon

which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*,

490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true.  *Twombly*, 550 U.S. at 555.  The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*  In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

### III.  ANALYSIS

As an initial matter, there is no general constitutional right to wear, or to refuse to wear a face mask in public places.  While the government typically does not regulate what an individual must wear in the privacy of his or her own home, federal, state and local governments may govern what must be worn in public spaces, particularly when the health and safety of the general public are at issue.  *See Erznoznik v. City of Jacksonville*, 422 U.S. 205, 211 n. 7

-3-

(1975)(upholding a ban on public nudity); *Miller v. Barberton Mun. Ct.*, 935 F.2d 775, 778 (6th Cir. 1991)(public nudity statute did not violate constitutional rights);*Neinast v. Bd. of Trustees of Columbus Metro. Libr.*, 346 F.3d 585, 594-96 (6th Cir. 2003)(Library did not deprive patron of constitutional rights by requiring him to wear footwear); *Bogue v. Faircloth*, 316 F. Supp. 486, 489 (S.D. Fla. 1970)(listing cases that found motorcycle helmet laws to be constitutional); *Picou v. Gillum*, 874 F.2d 1519, 1522 (11th Cir.1989)(finding motorcycle helmet law to be constitutional).  Wearing a face mask in the time of a global pandemic is a matter of public health.  In fact, other federal courts that have considered the mask requirement have upheld it. *See Cangelosi v. Sheng*, No. CV 20-1989, 2020 WL 5960682, at *3-4 (E.D. La. Oct. 8, 2020); *Resurrection Sch. v. Gordon*, No. 1:20-CV-1016, 2020 WL 7639923, at *2-3 (W.D. Mich. Dec. 16, 2020); *Oakes v. Collier Cty.*, No. 220CV568FTM38NPM, 2021 WL 268387, at *8-11 (M.D. Fla. Jan. 27, 2021); *Tandon v. Newsom*, No. 20-CV-07108-LHK, 2021 WL 411375, at *27-44 (N.D. Cal. Feb. 5, 2021).   Plaintiff's assertion under the Fourteenth Amendment that the government can never regulate personal attire, including face covering, is without merit.

Plaintiff also asserts that the Cuyahoga County Library Foundation and the Beachwood Police Department violated her rights to free speech, and freedom of religion.  While County public libraries are established in Ohio Revised Code §§ 3375.06, 3375.10, 3375.12, 3375.15, 3375.22, and 3375.30 as political subdivisions, police departments are not.  They are merely subunits of the municipalities they serve.  Because they are not recognized legal entities, they are not *sui juris*, meaning they cannot sue or be sued.  *See Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014) (finding that "under Ohio law, a county sheriff's office is not a legal entity that is capable of being sued"); *Jackson v. Adult Parole Auth.*, No. 1:19 CV 2339,

2020 WL 639187, at *2 (N.D. Ohio Feb. 11, 2020)(same).  The claims against the Beachwood Police Department are subject to dismissal on this ground alone.

Moreover, even if the claims could liberally be construed as asserted against the City of Beachwood and the Cuyahoga County Library Foundation, they still fail to state a claim for relief.  As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691(1978).  Cities and other bodies of local government may be sued pursuant to 42 U.S.C. § 1983 if they are "alleged to have caused a constitutional tort through 'a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.' " *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978)).

It is not entirely clear from the pleading to which policies Plaintiff is objecting.  For the Library Foundation, Plaintiff might be challenging their policy requiring all patrons wear a mask when inside one of the library buildings, in compliance with Ohio's Mask Mandate imposed in July 2020.   For the Beachwood Police, it appears she is contesting the actions of individual officers who responded to a call from the librarian to remove an unruly patron, and who transported her to University Hospital for a psychiatric evaluation.  The decision to keep her for observation is that of medical personnel at University Hospital, not that of the police officers. She does not identify a custom or policy of the City of Beachwood that directed the actions of the officers.  Because she cannot hold the City of Beachwood liable for the actions of their employees, she failed to state a claim against this Defendant.

-5-

To the extent that Plaintiff is challenging a policy of the Library Foundation requiring the use of masks inside the library, she fails to state a claim upon which relief may be granted. She first states the mask requirement violates her right to free speech.  This claim has very little explanation and it is not entirely clear what speech Plaintiff intended to make.  She states covering the face is a symbolic gesture.  In deciding whether particular conduct possesses sufficient communicative elements to invoke the First Amendment, the Court asks whether "[a]n intent to convey a particularized message was present, and [whether] the likelihood was great that the message would be understood by those who viewed it." *Texas v. Johnson*, 491 U.S. 397, 404 (1989). *See Rumsfeld v. Forum for Acad. & Institutional Rights, Inc. ("FAIR")*, 547 U.S. 47, 66 (2006)(allowing military recruiters on campus was not expressive conduct protected by the First Amendment); *Willis v. Town Of Marshall, N.C.*, 426 F.3d 251, 257 (4th Cir. 2005)(recreational dancing was not protected speech).  In this case, wearing a mask is not a symbolic or expressive gesture.  It is a health and safety measure put into effect in many public establishments to prevent the spread of COVID-19 to employees and other patrons.  There is no clear suggestion of what message Plaintiff was intending to send or that others who viewed her behavior would understand that she was conveying a message.  In fact, she states to the Court that she did not wear a mask for health reasons.  Her conduct is not speech protected by the First Amendment.

Plaintiff's freedom of religion claim is even more vague.  She simply states that wearing a mask is against her religion.  She provides no explanation for this claim.  It is stated entirely as a legal conclusion.  Legal conclusions are not sufficient to state a claim for relief.  *Iqbal*, 556 U.S. at 678.

Moreover, not all burdens on religion are unconstitutional.  *See United States v. Lee*, 455 U.S. 252, 257-58 (1982).  One cannot avoid the application of any law or policy by simply claiming it violates his or her religion.  If such were the case, one could avoid prosecution for even the most serious crimes simply by claiming the action was motivated by a personally held religious belief.  Every law or policy would become a matter of personal choice, resulting in a society with no rule of law at all. *Braunfeld v. Brown*, 366 U.S. 599, 606 (1961).  "To maintain an organized society that guarantees religious freedom to a great variety of faiths requires that some religious practices yield to the common good." *Id.*  Religious beliefs can be accommodated, but there is a point at which accommodation would radically restrict the operation of the government and society as a whole. *Id*; *Lee*, 455 U.S. at 257-58.  The government therefore may justify a limitation on religious liberty by showing that it is essential to accomplish an overriding governmental interest.  *Lee*, 455 U.S. at 257-58.

The amount of scrutiny that government limitation on religion will receive depends on the extent that it intends to restrict religious freedoms.  *Church of Lukumi Babalu Aye, Inc. v. Hialeah*, 508 U.S. 520, 531 (1993). On one side of the line are laws that are generally applicable to everyone, and incidentally burden religious practices.  These laws are held to an intermediate level of scrutiny and usually will be upheld if they are narrowly tailored to serve a substantial government interest.  *McCullen v. Coakley*, 573 U.S. 464, 477 (2014); *Roberts v. Neace*, 958 F.3d 409, 413 (6th Cir. 2020) (order) (per curiam) (citing *Emp. Div., Dep't of Human Res. of Oregon v. Smith*, 494 U.S. 872, 878-79 (1990)).  On the other side of the line is a law that discriminates against religious practices.  These laws are held to strict scrutiny and are justified only if they are narrowly tailored to meet a compelling government interest.  *Id*. (quoting

-7-

*Church of Lukumi*, 508 U.S. at 533).  A law or policy usually falls on the prohibited side of the line for one of three reasons: (1) if it is motivated by animus towards people of faith in general or towards one faith in particular, *Church of Lukumi*, 508 U.S. at 553; (2) if it regulates only religious activity, *Hartmann v. Stone*, 68 F.3d 973, 976 (6th Cir. 1995); or (3) if although it appears to be generally applicable, but is so full of exceptions for comparable secular activities that in practice, it is not neutral or generally applicable, *Ward v. Polite*, 667 F.3d 727, 738 (6th Cir. 2012).

Nothing in the Complaint suggests this policy is targeted at religion.  Plaintiff does not suggest that the library foundation was motivated by animus towards people of faith when it put the mask policy into place.   She does not allege facts suggesting its purpose was to regulate religious activity.  Indeed, its purpose appears to be adherence to the state's mask mandate during a global pandemic, and to prevent the spread of Covid-19 to its employees and patrons. She does not allege that the library foundation required only religious individuals to wear masks or that the policy was so full of exceptions for secular activities that it was in practice it was only targeted at religion.  To the contrary, Plaintiff indicates that the Library did not allow any exceptions to the rule.  Given that the mask requirement is near universal, that nothing about the mask policy correlates to religion, and that the policy as described cannot plausibly be determined to contain even a hint of hostility towards religion, it is neutral and generally applicable.  *Commonwealth v. Beshear*, 981 F.3d 505, 509 (6th Cir. 2020).  Any actual burden on Plaintiffs' religious practices is incidental, at best.

To stand constitutional scrutiny, the mask policy therefore needs only to be narrowly tailored to serve a substantial government interest.  The state's interest in preventing the spread

-8-

of COVID-19 and protecting individuals' health is substantial.  *Roman Catholic Diocese of Brooklyn v. Cuomo*, —— U.S. ——, 141 S. Ct. 63, 67, —— L.Ed.2d —— (2020) (per curiam) ("Stemming the spread of COVID-19 is unquestionably a compelling interest."). Wearing a mask in public places, including the Library, is narrowly tailored to serve that interest.  Indeed, at this point in the pandemic, just about every public health body in the country promotes that same advice.  Plaintiff fails to state a claim for denial of freedom of religion.

### IV.  CONCLUSION

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #2) is granted and this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

*s/ Dan Aaron Polster*              5/17/2021
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[1]    28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

-9-